Daniel Lee Romanowski
*Pro Se Debtor*
Franklin Correctional Facility
72 Bare Hill Road
P.O. Box 10
Malone, New York 12953

In re:   Daniel Lee Romanowski
         Chapter 7 Case No.: 17-60935

## LETTER-DECISION AND ORDER

Daniel Lee Romanowski ("Debtor") is incarcerated at the Franklin Correctional Facility located in Malone, New York. On July 19, 2017, without having completed the mandatory pre-petition credit counseling required under 11 U.S.C. § 109(h)(1), Debtor filed a *pro se* petition for Chapter 7 relief in the Utica Division of the United States Bankruptcy Court for the Northern District of New York. On July 19, 2017, Debtor requested that the Court permanently waive both the credit counseling and financial management course requirements due to exigent circumstances (ECF No. 7), for the reason that he is incarcerated and therefore is unable to complete either course or obtain the requisite certifications. The Court is treating Debtor's Motion as an ex parte application for a waiver of both the credit counseling and financial management course requirements of §§ 109(h)(1) and 727(a)(11), respectively, pursuant to § 109(h)(4).

Section 109 of the United States Bankruptcy Code, which sets forth the eligibility criteria for being a debtor, provides, in relevant part:

> [A]n individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a budget related analysis.

11 U.S.C. § 109(h)(1). Thus, under § 521 of the United States Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1007(b)(3), the debtor is required to file a "certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor." 11 U.S.C. § 521(b)(1); Fed. R. Bankr. P. 1007(b)(3).

There are three statutory exceptions to the pre-petition credit counseling requirement, including those for a debtor who: (1) resides in a district that the United States Trustee has determined does not have adequate credit counseling services available to individuals, 11 U.S.C. § 109(h)(2)(A); (2) has "exigent circumstances" warranting a temporary waiver of the requirement, not to exceed forty-five days from the date the debtor filed the petition, provided the debtor attempted but was unable to obtain credit counseling services over the course of a continuous seven day period, 11 U.S.C. § 109(h)(3)(A) and (B); and (3) is unable to complete the requirement because of "incapacity, disability, or active military duty in a military combat zone," 11 U.S.C. § 109(h)(4).

Section 727 of the United States Bankruptcy Code, which sets out the requirements to obtain a discharge under Chapter 7, provides, in relevant part, that, "The court shall grant the debtor a discharge, unless after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111, except that this paragraph shall not apply with respect to a debtor who is a person described in section 109(h)(4)."

This Court, in *In re Alexander,* 432 B.R. 41 (Bankr. N.D.N.Y. 2010), has held that "it would [not] be a proper use of [the Court's] discretion to waive the credit counseling requirements for incarcerated debtors who do not otherwise suffer from physical or mental disabilities as contemplated by Congress and statutorily defined by the text of 11 U.S.C. § 109(h)(4)." This

Court followed the majority holding that § 109(h)(4) of the United States Bankruptcy Code "should be narrowly construed to include only incapacity, disability, or active military duty." *Id.* at 46.

The statute explicitly defines both "incapacity" and "disability" for the purposes of determining whether a permanent exemption applies to a particular debtor. Congress defined "incapacity" to mean "that the debtor is *impaired by reason of mental illness or mental deficiency* so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities." 11 U.S.C. § 109(h)(4) (emphasis added). Debtor must contend that he suffers from a mental illness or mental deficiency that "prevent[s] him from fulfilling the credit counseling requirement." *In re Marcel C. Bristol,* No. 08-CV-2209 (JFB), 2009 U.S. Distr. LEXIS 7107, *7 (E.D.N.Y. Feb. 2, 2009).

Congress defined "disability" to mean "that the debtor is so *physically impaired* as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing." *Id.* (emphasis added). "[I]ncarceration is not a 'disability' as defined under [§] 109(h)(4)." *In re Marcel C. Bristol,* 2009 U.S. Distr. LEXIS at *7; *In re James William Hubel,* 395 B.R. 823, 825 (N.D.N.Y. 2008). "[A]n incarcerated individual is not generally described as 'physically impaired' simply because he resides in a prison." *Id.* at *8. Even if incarceration could be likened to "physical impairment," the Debtor would still need to demonstrate that "he cannot participate in a credit counseling session by telephone." *Id.* at *9.

Debtor has not alleged any facts to show that he suffers from either an incapacity or a disability, and thus does not fall within any of the § 109(h)(4) of the United States Bankruptcy Code. Rather, Debtor only alleges in his application that he is unable to complete the requirements

because he is incarcerated. Accordingly, the Debtor's circumstances do not warrant an exception to the requirements of §§ 109(h)(1) and 727(a)(11) of the United States Bankruptcy Code.

For the foregoing reasons, the Court denies Debtor's application for permanent waiver of the pre-petition credit counseling requirement pursuant to § 109(h)(1) of the United States Bankruptcy Code and for waiver of the financial management course pursuant to § 727(a)(11) of the United States Bankruptcy Code.

It is SO ORDERED.

Dated: August 4, 2017
       Utica, New York

_____
Hon. Diane Davis
U.S. Bankruptcy Judge