Daniel Lee Romanowski
*Pro Se Debtor*
Franklin Correctional Facility
72 Bare Hill Road
P.O. Box 10
Malone, New York 12953

In re:   Daniel Lee Romanowski
         Chapter 7 Case No.: 17-60935

## LETTER-DECISION AND ORDER

Daniel Lee Romanowski ("Debtor") is incarcerated at the Franklin Correctional Facility located in Malone, New York.  On July 19, 2017, without having completed the mandatory pre-petition credit counseling required under 11 U.S.C. § 109(h)(1), Debtor filed a *pro se* petition for Chapter 7 relief in the Utica Division of the United States Bankruptcy Court for the Northern District of New York.  On July 19, 2017, Debtor requested that the Court permanently waive both the credit counseling and financial management course requirements due to exigent circumstances (the "Motion) (ECF No. 7), for the reason that he is incarcerated and therefore is unable to complete either course or obtain the requisite certifications.  The Court treated Debtor's Motion as an ex parte application for a waiver of both the credit counseling and financial management course requirements of Bankruptcy Code §§ 109(h)(1) and 727(a)(11), respectively, pursuant to Bankruptcy Code § 109(h)(4).  On August 4, 2017, the Court denied Debtor's Motion by Letter Decision and Order (the "Order," ECF No. 19).  On August 16, 2017, the Court received a Motion to Facilitate the Mandatory Pre-Petition Credit Counseling and the Financial Management Course Requirements ("Motion to Facilitate") (ECF No. 16).  The Court now treats Debtor's Motion to Facilitate as an ex parte motion to reconsider its previous Order.

In the Motion to Facilitate, Debtor requests that the Court order the Franklin Correctional Facility to facilitate the completion of his credit counseling and financial management course

requirements by allowing either more internet or phone access. Debtor does not provide a basis for the Court to reconsider its Order denying Debtor's motion to waive the requirements of Bankruptcy Code §§ 109(h)(1) and 727(a)(11). Motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hoff v. Performance Food Group, Inc.,* 2009 U.S. Dist. LEXIS 111220, at *2 (C.D. Ill. Dec. 1, 2009). Debtor must "clearly demonstrate" a ground for relief. 12-60 Moore's § 60.03[4]. Debtor has not alleged any manifest error of fact or presented newly discovered evidence. Thus, the Motion to Facilitate must be denied under Rule 59(e).

The standard for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure is higher than that of Rule 59(e), as a Rule 60(b) motion should be granted only in "exceptional circumstances." *In re Duffy,* 452 B.R. 13, 21 (N.D.N.Y. 2011). "Case law looks specifically to whether the movant was at fault, making this the controlling factor, in determining whether extraordinary circumstances will be found or not." *Id.* "In the vast majority of the cases finding that extraordinary circumstances do exist so as to justify relief, the movant is completely without fault for his or her predicament; that is, the movant was almost unable to have taken any steps that would have resulted in preventing the judgment from which relief is sought." *Id.* (quoting 12-60 Moore's Federal Practice—Civil § 60.48 (MB2 2011)). Rule 60(b) enumerates six grounds for relief from a final judgment, order, or proceeding. None of the six grounds are present here, and Debtor has not shown "exceptional circumstances" to warrant reconsideration.

"There is no constitutional right to obtain a discharge of one's debts in bankruptcy." *United States v. Kras,* 409 U.S. 434, 446 (1973). "Bankruptcy is a privilege, not a right." *In re Sochia,* 231 B.R. 158, 160 (Bankr. W.D.N.Y. 1999). "One who petitions for relief under the Bankruptcy Code is responsible for complying with the certain duties outlined in the Bankruptcy Code." *In re*

*Michael,* 285 B.R. 553, 556 (S.D. Ga. 2002). While acknowledging the limitations placed on incarcerated individuals, the Court cannot waive the statutory requirements contained in the Bankruptcy Code where Congress has not explicitly authorized such waivers. The United Supreme Court has recognized such limitations, in stating: "[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnson,* 334 U.S. 266, 285-86 (1948), rev'd on other grounds by *McCleskey v. Zant,* 499 U.S. 467 (1991). No constitutional rights are at stake in this case, as bankruptcy is a form of civil relief, not criminal relief. Debtor will still have the opportunity to file for bankruptcy relief once his prison sentence has terminated. In the meantime, this Court has no authority to order a New York state-operated facility to change its practices to accommodate a debtor.

As such, Debtor's Motion to Facilitate is DENIED.

Based on the Court's Order and this Letter Decision and Order, the Court finds that Debtor is ineligible under Bankruptcy Code § 109(h)(1) to be a debtor in this case. As such, Debtor's case is hereby DISMISSED, without prejudice.

It is SO ORDERED.

Dated: August 22, 2017
Utica, New York

_____
Hon. Diane Davis
U.S. Bankruptcy Judge